ROMA LOVE, APPELLANT, v. HOWARD C. PARK ET AL., APPELLEES.

FILED JULY 11, 1914.   No. 17,556.

OPINION on motion for rehearing of case reported in 95 Neb. 729.   *Rehearing denied.*

PER CURIAM.

The brief upon the motion for rehearing urges that a surety can only be held to the letter of his contract, and that, not being liable for the debt itself, no equity can arise against the surety requiring him to pay the debt in order to insist upon his legal rights as a surety.   There is, of course, no doubt about this proposition of law.   The authorities seem to be unanimous, and are quite fully cited and clearly stated in the brief.   It follows that, if the plaintiff, Roma Love, was a surety only, our decision is wrong.

It does not seem that she can claim to be, strictly speaking, a mere surety in this action.   The contract is not in

form a contract of suretyship, but is a pledge of personal property. The stock which was pledged was issued to this plaintiff in her name. She indorsed her name upon the back in blank, thus making it partake of the character of negotiable paper, and placed it in the hands of her brother-in-law to be used by him as a pledge for collateral security. She testified that his agreement with her strictly was that he should pledge it only for the $2,500 which he expected to borrow, and not for his then existing liability to the bank. The trial court correctly found that this contention of hers was true. She did not, however, notify Mr. Park of this limitation on the power of her brother-in-law. Under these circumstances, Mr. Park had the same right in the pledge as though it had in fact been the property of the pledgor. He was an innocent holder of the pledge in good faith, and cannot be compelled in equity to resign the pledge without the payment of his claim which it was given to secure.

The motion for rehearing is

OVERRULED.